IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CLIFTON ROBERTO C.T. MARHSALL, )
)
          Plaintiff, )
   v. )
)    1:17CV873
"EXTREME HOME MAKEOVER", )
)
          Defendant )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on a Complaint and Application to Proceed *In Forma Pauperis* filed by Plaintiff Clifton Roberto C.T. Marshall. In the Complaint, Plaintiff alleges that he and his family operated a homeless shelter for the benefit of female veterans and their children, which became the subject of Defendant's "Extreme Home Makeover Show." Plaintiff contends that Defendant renovated the property and televised the process, which Plaintiff alleges resulted in various injuries to Plaintiff and his family. The Court notes that the relevant facts and claims in the Complaint are parallel to two lawsuits previously filed with the Court by Plaintiff's mother, Barbara Summey Marshall. See Marshall v. American Broadcasting Company No. 1:16CV550 (M.D.N.C. June 26, 2017); Marshall v. The Walt Disney Company, No. 1:17CV726 (M.D.N.C. June 19, 2018).[1] The District Court recently

---

[1] In the parallel cases, Plaintiff Barbara Summey Marshall did not seek to proceed *in forma pauperis* and paid the requisite filing fee.

dismissed the latter case for the reasons set out below. In light of that determination, this Court recommends that the instant action be dismissed as well.

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" <u>Nasim v. Warden, Md. House of Corr.</u>, 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." <u>Nagy v. Federal Med. Ctr. Butner</u>, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As the Court previously noted, Plaintiff's Complaint alleges the same set of facts and sets forth the same claims as those in the Complaint in <u>Marshall v. The Walt Disney Company</u>.[2] The District Court recently dismissed the claims in that matter following a hearing on all then-pending motions in the case. The Court first found that venue was improper in

---

[2] In the Complaint in the instant case, Plaintiff named as Defendant "'Extreme Home Makeover' Reality Television Show Broadcaster, Producer, Owner The Walt Disney Company." [Doc. #2].

this District under 28 U.S.C. § 1391(b). Further, the Court noted that while venue would be proper in the Eastern District of North Carolina, transfer to the Eastern District would not be in the interests of justice because the Court lacks personal jurisdiction over Defendant. Finally, the Court stated that, "[a]lthough not requested, transfer to another district where [Defendant] could be subject to personal jurisdiction would not be in the interests of justice because the case against [Defendant] is likely subject to dismissal." With respect to the substance of Plaintiff's claims, the Court summarized as follows:

> In short, Marshall had no contract with [Defendant], and her claims (or proposed claims) against it do not appear to state a claim upon which relief can be granted. Her breach of contract claim fails for lack of a contract with TWDC; her intentional infliction of emotional distress claim fails for lack of factual allegations of extreme and outrageous conduct to render such a claim plausible, Waddle v. Sparks, 414 S.E.2d 22, 27 (N.C. 1992); her negligence claim fails for lack of a legal duty, Prince v. Wright, 541 S.E.2d 191, 195 (N.C. App. 2000); her claims for loss of enjoyment of life/conscious pain and suffering as well as for "pecuniary loss" are not cognizable claims; her claim of negligent entrustment lacks support in North Carolina law inasmuch as Marshall did not entrust anything to [Defendant], Tart v. Martin, 540 S.E.2d 332, 334 (N.C. 2000); any proposed claim for constructive fraud fails for lack of any factual basis for establishing a relationship of trust and confidence, State ex rel. Long v. Petree Stockton, L.L.P., 499 S.E.2d 790, 798 (N.C. App. 1998); any proposed claim for "negligent and inadequate security" fails to state a cognizable claim; and any proposed claim for negligent infliction of emotional distress, in addition to being long time-barred, lacks any factual support to render it plausible as against [Defendant], Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A., 395 S.E.2d 85, 97 (N.C. 1990).

(Order, 1:17CV726, [Doc. #51] at 2-3 n.1).

In light of the Court's determination with respect to the parallel case, as set out above, this case should also be dismissed without prejudice.

Plaintiff's request to proceed *in forma pauperis* shall be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be dismissed without prejudice under 28 U.S.C. § 1915(e) for the reasons set out herein.

This, the 30th day of July, 2018.

                                                /s/ Joi Elizabeth Peake
                                              United States Magistrate Judge